DORÉ, Judge
(dissenting).
The pertinent facts of this case, as I view them, are clear and concise.
On July 6, 1906, Mrs. Felicite Robin, widow of D. P. Saizan, was the owner of certain properties in St. Landry Parish, situated near or in the Village of Port Barre. On the said day and date, Mrs. Robin granted unto the Morgan’s Louisiana and Texas Railroad and Steamship Company, a right of way over “a certain tract or parcel of land one hundred feet wide by twenty-eight hundred and sixty-nine (2869) feet long, to be taken fifty feet on each side of the aforesaid railroad tract from engineer’s station 606+71 to station 635+40 and indicated by letters I.J.K.L. on the map aforesaid, containing six and 62/100 acres.” In the deed the following is stipulated, “This grant shall be in perpetuity, unless the grantee should cease to operate a railroad over the land granted in which event the land granted shall revert to the then owner or owners of the adjacent lemds that is to the grantor, his heirs or assigns.” (Italics mine.)
On July 31, 1937, George Duplechain, one of the defendants, Edward Chiasson, the plaintiff and-Euclide Willingham, acquired from the widow and heirs of Oscar J. Robin, the successors in title of Mrs. Felicite Robin, the following described properties, to wit:
“1. A certain tract of land, together with all the buildings and improvements thereon, situated at Port Barre, St. Landry Parish, Lá., lying in Section 4, T-6-S, R-5-E., containing 87 acres, more or less, bounded on the north by Armand Zeringue, Bayou Courtableau, and M. L. & T. Railroad and SS Co., south by property of Mrs. Josephine Saizan Watkins, and on the west by property of Valsin Dupre and Van Williams.
“2. A certain tract of ground, situated in the Village of Port Barre, Parish of St. Landry, La., being designated as all of Block 34 of said Village, and being bounded on the north by M. L. & T. R. R., south by Shackleford St., east by corporation line or property of Valsin Dupre, and west by Frisco Ave., containing 2 acres, more or less.
“3. Another certain tract of ground, situated in the Village of Port Barre, St. *622 Landry Parish, La., being designated as the north half of Tract 3 of said Village, and being bounded on the north by Shac-kleford St., south by Mrs. Josephine S. Watkins, east by corporation line or property of Valsin Dupre, and west by Frisco Ave., said tract containing 2.7 acres.
“Being part of the property adjudicated to the vendors as appears by reference to judgment of court dated August 25th., 1925, of record in Conveyance Book L-5, page 74, of the records of St. Landry Parish, La., in the matter of the Estate of Oscar J. Robin.”
On the same day and date, that is on July 31, 1937, the said Duplechain, Chias-son and Willingham appeared before a Notary and declared that they were the owners in indivisión of the property above described; declared that they had paid the sum of $1,009.64 in cash, and for the remainder of the purchase price of $2,540, or the sum of $1,530.36, due on a mortgage to the Federal Land Bank of which George Duplechain assumed 34.66%, Euclide Wil-lingham assumed 39.20% and Edward Chiasson assumed 26.14%, however, the assumption was in solido. In the said act the “appearers further declared that they do not desire to remain in indivisión any longer, and it is their desire to partition the said property among themselves; and they do by these presents divide and partition- the said above described property, as follows:
“Lot No. 1. A certain tract of land, together with all buildings and improvements thereon, situated in St. Landry Parish, La., bounded on the north by Armand Zerangue and Bayou Courtableau, on the south by the black top road, on the east by Mrs. Josephine S. Watkins, and on the west by property of Van Williams, or assigns; and containing 28 acres, more or less; and being all the tract described in Item No. 1, hereinabove which lies between the Bayou Courtableau and the black top road. Said tract being valued at $750.-00.
“Allotted to and accepted by George Duplechain.
“Lot No. 2. A certain tract of land, together with all improvements thereon, situated in St. Landry Parish, La., containing 32 acres, being taken from the southern part of that part of the 87 acres tract ¡here-inabove described as Item No. 1, lying south of the railroad; and being bounded on the north by Lot No. 3, hereinafter described and allotted to Edward Chais-son, south by the property of Mrs. Josephine S. Watkins, east by the M. L. & T. R. R., and west by Valsin Dupre, said 32 acre tract being separated from the balance by a line drawn parallel to the southern boundary of the tract; said tract of 32 acres being valued at $850.0G.
“Allotted to and accepted by Euclide Wil-lingham.
“Lot No. 3. A certain tract of land, together with improvements thereon, situated in St. Landry Parish, La., containing 27 acres, more or less, being the balance of the 87 acre tract hereinabove described as Item No. 1, and being bounded on the north and east by M. L. & T. R. R., south by Lot No. 2 above described and allotted to Euclide Willingham, and west by property of Valsin Dupre.
“Also, another tract of ground, situated' in the Village of port Barre, St. Landry Parish, La., and being designated as all of Block 34 of said village and being bounded on the north by M. L. & T. R. R., south by Shackleford St., east by corporation line or property of Valsin Dupre, and west by Frisco Ave., and containing 2 acres, more or less.
“Also, another certain tract of ground, situated in the village of Port Barre, St. Landry Parish, La., being designated as-the north half of Tract 3 of said Village, and being bounded on the north by Shac-kleford St., south by Mrs. J. S. Watkins, east by corporation line or property of Valsin Dupre, and west by Frisco Ave., and containing 2.7 acres. Said Lot No. 3, containing three separate pieces, being, valued at $940.00.
“Allotted to and accepted by Edward1. Chaisson.” (Italics mine).
It appears that Item 1 of the said property was, at that time, burdened with two servitudes, first, the recorded grant to-the railroad, and second, to the east of the: *623 railroad a public or black top road, which road had existed for a period of more than three years and of a width of 57 feet. It further appears that these servitudes ran diagonally across Item 1, were visible, and known to the appearers, in that they subdivided Item 1 into three lots for the purpose of the partition.
On June 18, 1945, the Texas and New Orleans Railroad Company, successors in title to the properties of the Morgan’s Louisiana & Texas Railroad & Steamship Company, having taken up and removed its tracks on the property described as Item 1 of the Act of Partition supra, released, quitclaimed and assigned unto Mrs. Felicite Robin, widow of J. P. Saizan, and/or her heirs, successors and assigns the strip of land one hundred feet in width which it had acquired on June 30, 1906.
There are presented two legal questions in this case. First, what is the legal effect of the provision contained in the right of way deed? Second, what is the legal effect of the Act of Partition between the parties thereto?
The provision set out in the grant was a contract between Mrs. Robin and the railroad company. The meaning of the provision is clear and unambiguous. It clearly states that the land shall revert to the adjacent owner of the land, provided it be the grantor, his heirs or assigns. In other words, it was the burden of plaintiff to show that he was the assignee of Mrs. Robin, a fact clearly proven.
As to the act of partition, the intention of plaintiff, defendant Duplechain and Willingham is clearly expressed. They solemnly declare in the said act of partition that they desired to remain no longer as co-owners in indivisión of all of the properties acquired by them from Mrs. Oscar Robin et als. This was without reservation of the reversionary right they may have had to the designated adjacent owner of the property. In other words, they assigned the reversionary right to the land abutting the right of way of the then existing railroad. The same reasoning applies to the public road right of way. I cannot see wherein Willingham has any interest in this case. He is likewise granted the reversionary right to the east of the property allotted him.
It is further to be noted that the act of partition partitions 87 acres, that is, 28 acres to Duplechain, 32 acres to Wil-lingham and 27 acres to plaintiff.
In conclusion, I am firm of the opinion that defendant Duplechain and Willing-ham, by the execution of the act of partition, have divested themselves of any re-versionary, right to the abutting railroad right of way unto plaintiff, and that plaintiff is the sole and only owner of the disputed piece of property. The other defendants acquired their property from Du-plechain and they have no greater right than Duplechain.
I am of the opinion that the judgment appealed from is correct and should be affirmed.